UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LOURDES SOTO                                         CASE NO. _____

VERSUS

VELASQUEZ AUTO REPAIR, LLC

---

**COMPLAINT**

---

NOW INTO COURT, through undersigned counsel, comes plaintiff, Lourdes Soto, who respectfully submits this Complaint and alleges as follows:

### *Jurisdiction*

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

### *Venue*

2.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because the plaintiff was employed by defendant in this district and all (or nearly all) of the overtime hours worked by the plaintiff occurred within this district.

### *The Defendants*

3.

Made Defendant herein and liable unto Plaintiff is Velasquez Auto Repair, LLC, a Louisiana limited liability company domiciled and having its principal office in Baton Rouge, Louisiana.

## Statement of Facts

### 4.

Defendant Velasquez Auto Repair, LLC is an auto mechanic shop providing vehicle repair services to customers in Baton Rouge and surrounding areas.

### 5.

The FLSA applies to Velasquez Auto Repair, LLC's employment of plaintiff Soto.

### 6.

Defendant is the "employer" of plaintiff as that term is defined by the FLSA.

### 7.

Defendant Velasquez Auto Repair, LLC hired plaintiff, directed her work, supervised her, and paid her an hourly wage.  At all times, Velasquez Auto Repair, LLC had the power to hire and fire plaintiff.

### 8.

 Defendant Velasquez Auto Repair, LLC is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). Specifically, defendant engages in vehicle repair, utilizing tools made in interstate commerce and installing auto parts made in interstate commerce.

### 9.

Defendant has annual revenues that exceed $500,000.00.

### 10.

Velasquez Auto Repair, LLC employed plaintiff for approximately six (6) years, from approximately September 2016 through September 2022.  During that time, plaintiff consistently

worked, on average, 50 hours per week.  Her rate of pay at the time she left employment with defendant was $18.00 per hour.

11.

As a receptionist/office worker, plaintiff was personally involved in interstate commerce, as part of her duties included ordering and handling automobile parts manufactured out of state for use in the defendant's repair business.

12.

Section 207(a)(2)(C) of the FLSA mandates that non-exempt employees are entitled to overtime pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per week.

13.

Despite the fact that the Plaintiff was a non-exempt employee under the Fair Labor Standards Act, she was never paid an overtime rate of one and one-half times her regular rate of pay for hours worked in excess of 40 hours per week.  She was paid her regular hourly rate regardless of the number of hours she worked each week.

14.

Defendant violated the FLSA in bad faith.  Plaintiff is entitled to payment of additional wages at the rate of one and one-half times her regular rate of pay for all hours worked in excess of forty hours per week during the last three years of her employment.

15.

The defendant knowingly and willfully violated the FLSA. Plaintiff is therefore also entitled to recover from defendant an equal sum as liquidated damages, together with reasonable

attorney's fees, legal interest, costs, as well as to such equitable relief as may be appropriate to effectuate the purposes of the Fair Labor Standards Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lourdes Soto prays for the following relief:

1. An award of damages as provided by the FLSA, including liquidated damages to be paid by Defendant;

2. Reasonable attorney's fees, costs, and expenses of this action as provided by FLSA; and

3. Any other relief that this Court deems just.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

*/s/ Daniel B. Davis*
Randall E. Estes (La. Bar Roll No. 22359)
Daniel B. Davis (La. Bar Roll No. 30141)
4465 Bluebonnet Boulevard, Suite A
Baton Rouge, LA 70809
Telephone:  (225) 336-3394
Facsimile:  (225) 384-5419
Email: dan@estesdavislaw.com
*Attorneys for Plaintiff*